J-S38006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD NELSON PETERS | : | |
| | : | |
| Appellant | : | No. 674 MDA 2020 |

Appeal from the PCRA Order Entered April 16, 2020,
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s):  CP-22-CR-0003893-2008.

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:        **FILED: OCTOBER 7, 2020**

Edward Nelson Peters appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:  On October 13, 2009, Peters pled guilty to multiple sex offenses.  Thereafter, the trial court sentenced him to an aggregate term of 3½ - 10 years imprisonment, followed by a seven-year probationary term.  Peters did not file a direct appeal.  Peters unsuccessfully litigated a PCRA petition in which he claimed that the ineffective assistance of counsel caused him to enter an invalid plea.

---

[*] Former Justice specially assigned to the Superior Court.

*See Commonwealth v. Peters*, 64 A.3d 9 (Pa. Super. 2012) (unpublished memorandum).

While still serving his probation sentence, the Dauphin County Adult Probation Department filed a notice of violation, and Peters waived his *Gagnon I* hearing.[1]  On October 29, 2019, the trial court held a *Gagnon II* hearing.  At the conclusion of the hearing, the trial court revoked Peters' state probation and sentenced him to 4 to 10 years in prison and a consecutive seven-year probationary term.  Peters did not file a direct appeal.

On January 16, 2020, Peters filed a "Petition for Writ of Habeas Corpus to Show Cause" which the PCRA court correctly treated as a PCRA petition. *See Commonwealth v. Taylor*, 65 A.3d 462 (Pa. Super. 2013) (explaining that the PCRA is intended to the sole means of obtaining post-conviction relief and the statute has subsumed the writ of *habeas corpus*).  The PCRA court appointed counsel, and, on February 24, 2020, PCRA counsel filed a "no-merit" letter and motion to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On February 27, 2020, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Peters' PCRA petition without a hearing.  The court also granted PCRA counsel's motion to withdraw.  Peters filed a timely *pro se*

---

[1] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

response in which he raised claims of trial counsel's ineffectiveness for the first time. By order of court entered March 18, 2020, the PCRA court denied Peters' PCRA petition. On April 8, 2020, Peters filed an amended PCRA petition in which he again raised his ineffectiveness claims. After the Clerk of Courts notified the PCRA court that mail addressed to Peters had been returned, out of caution, the PCRA court entered another final order dismissing Peters' PCRA petition on April 16, 2020. *See* PCRA Court Opinion, 5/22/20, at 2 n.2. This timely appeal followed. Both Peters and the PCRA court complied with Pa.R.A.P. 1925.

Peters now raises the following issues:

[1.] Did [trial] counsel present at [Peters'] revocation hearing, fail to address the issue of the Dauphin County Probation and Parole, entering Perry County, causing [a] jurisdiction violation [?]

[2.] Did [trial] counsel present at [Peters'] revocation hearing, fail to address the issue of no probable cause existed to arrest [Peters?]

[3.] Did [trial] counsel at [Peters'] revocation hearing fail to address the unlawful entry into a home, that was not listed as a home of [Peters?]

(4.] Was previous counsel ineffective, creating a layered claim of ineffectiveness[?]

Peters' Brief at 2.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings

in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

To be eligible for post-conviction relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated errors or defects in 42 Pa.C.S.A. section 9543(a)(2), and that the issues he raises have not been previously litigated or waived. ***Commonwealth v. Crispell***, 193 A.3d 919, 927-28 (Pa. 2018). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue," or if the issue "has been raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S.A. § 9544(a)(2), (3). An issue will be deemed waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state post[-]conviction proceeding." 42 Pa.C.S.A. § 9544(b).

Here, the PCRA court found the first three issues raised by Peters to be waived because he did not raise any objection at the ***Gagnon II*** hearing, and he did not challenge trial counsel's effectiveness in his *pro se* PCRA petition. ***See*** PCRA Court Opinion, 5/22/20 at 3. Our review of the record supports these conclusions.

Moreover, while Peters raised claims of trial counsel's ineffectiveness in his Rule 907 response, in order to preserve these claims he needed to request leave to file an amended petition. ***See Commonwealth v. Rigg***, 84 A.3d

1080, 1084-85 (citation omitted) (reiterating that a PCRA petitioner "must request leave to amend his petition in his Rule 907 response to raise new trial counsel ineffectiveness claims;" when he fails to do so "after [PCRA] counsel has filed a *Turner*/*Finley* no-merit letter, the PCRA court is under no obligation to address new issues"). Although Peters filed an amended petition in which he reiterated his claims of trial counsel's ineffectiveness, this amendment was a nullity. *See Rigg*, *supra*; *Commonwealth v. Porter*, 35 A.3d 4, 12 (Pa. 2012) (explaining Pa.R.Crim.P. 905 governing amending PCRA petitions is not self-authorizing; "the Rule explicitly states that amendment is permitted only by direction or leave of the PCRA court").

In his fourth issue, Peters raises a claim of layered ineffectiveness. However, Peters inappropriately raises this claim for the first time on appeal. *See generally*, Pa.R.A.P. 302(a). Thus, it is waived, and entitles him to no relief.

In sum, because our review of the record supports the PCRA court's conclusion that Peters failed to preserve his claims regarding errors from the revocation hearing, we affirm its order denying him post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/07/2020